**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:26-CR-00159** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ANTHONY DILLON JR (01)** | **MAG. JUDGE KAYLA D.** |
| **JAMES DALE SMITH IV (02)** | **MCCLUSKY** |

**MEMORANDUM ORDER**

Before the Court are two Motions to Dismiss Indictment [Doc. Nos. 40, 42] filed by Defendants, Anthony Dillon, Jr., ("Dillon") and James Dale Smith, IV ("Smith") (collectively, "Defendants"). The United States (the "Government") filed an Omnibus Opposition [Doc. No. 48]. Both Defendants filed Reply briefs. [Doc. Nos. 49, 50].

After carefully considering the parties' filings and applicable law, Defendants' Motions are **DENIED**.

**I.    BACKGROUND**

On April 15, 2026, Defendants were charged in the Western District of Louisiana with Arson in violation of 18 U.S.C. § 844(i).[1] This statue reads in part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both [.]

---

[1] [Doc. No. 20].

18 U.S.C. § 844(i). The Government charged Defendants with Arson for allegedly damaging and destroying St. John's Chapel in Columbia, Louisiana, ("the Church") using a fire.[2]

In the Motions to Dismiss, Defendants argue that the Church is neither used nor engaged in activities affecting commerce. Defendants maintain that the Church was a small, rural church with sixteen (16) pews, six (6) rooms, and a small number of members.[3] Because of the Church's limited size, Defendants assert that it could not be used in or affect interstate commerce.[4] In contrast, the Government opposes the Motions for three reasons: (1) there is no authority under Rule 12 to dismiss based on a sufficiency defense which raises factual questions that the jury should decide, (2) the cases cited by Defendants are not controlling and/or are distinguishable, and (3) the Government is allowed, before trial, to develop additional evidence for the fact-intensive question of interstate commerce, and therefore Defendants' arguments are premature.[5]

The issues have been briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

Federal Rule of Criminal Procedure 12 governs pre-trial motions in a criminal case. *See* Fed. R. Cr. P. 12. Rule 12(b)(1) of the Federal Rules of Criminal Procedure allows a party to raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits. *Id.* 12(b)(1). A defense is "capable

---

[2] [Id. at p. 1].
[3] [Doc. No. 40-1, p. 2]; [Doc. No. 42-1, p. 1].
[4] [Doc. No. 40-1, p. 2]; [Doc. No. 42-1, p. 1].
[5] [Doc. No. 48, pp. 3-9].

of determination" without a trial on the merits "if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). Under Fifth Circuit precedent, an indictment is to be liberally construed as sufficient, "unless it is so defective that by any reasonable construction, it fails to charge an offense for which the defendant is convicted." *United States v. Alford*, 999 F.2d 818, 823 (5th Cir. 1993).

The Court agrees with the Government's argument that Defendants' Motions to Dismiss fail because they contest an essential element of the offense that is a fact-based question for the jury to decide at trial. According to the Fifth Circuit's Pattern Jury Instructions, the third element of the offense charged states that at the time of the fire, the Church was used in interstate commerce or foreign commerce, or in any activity affecting interstate or foreign commerce.[6]

Therefore, whether the Church was used in interstate or foreign commerce, or in any activity affecting interstate or foreign commerce, is an element of the offense that the jury must decide. In *United States v. Torres*, the defendant allegedly detonated a bomb outside of St. Stephen's Episcopal Church's administrative building. 8 F.4th 413 (5th Cir. 2021). The defendant filed a pre-trial motion to dismiss, which was denied by the district judge after an evidentiary hearing. *Id.* The case proceeded to a bench trial where the parties stipulated the inclusion of evidence

---

[6] Comm. on Pattern Jury Instructions, Judicial Council of the Fifth Circuit, Fifth Circuit Pattern Jury Instructions – Criminal § 2.37(B) (2024) as applied to the instant case.

obtained at the hearing. *Id.* at 415. The district court found the defendant guilty under 18 U.S.C. § 844(i). *Id.*

On appeal, the Fifth Circuit stated, "the interstate commerce element of § 844(i) implicated the power of Congress to regulate the conduct at issue, not the jurisdiction of the court to hear a particular case." *Id.* (quoting *United States v. Carr*, 271 F.3d 172, 178 (4th Cir. 2001). "A claim of insufficient connection to interstate commerce is a challenge to one of the elements of the government's case and is considered a claim about the sufficiency of the evidence." *Id.* (quoting *United States v. Riddle*, 249 F.3d 529, 536 (6th Cir. 2001). "(T)he propriety of granting a motion to dismiss an indictment under [Rule 12] by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Korn*, 557 F.2d 1089 (5th Cir. 1977) (quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974)).

Additionally, the Fifth Circuit has made clear that "a court may not grant a motion to dismiss on the ground that the allegations are not supported by adequate evidence, for an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial on the charge on the merits. *United States v. Burger*, 170 F.4th 395, 403 (5th Cir 2026) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).

Like in *Torres*, Defendants' Motions are a direct challenge to the sufficiency of evidence to prove element three—whether the Church was used in or affected interstate or foreign commerce. Essentially, Defendants' Motions to Dismiss are

asking the Court to weigh the evidence and make factual determinations, which is for the Government to prove up and the jury to decide at trial.

Accordingly, this reason alone is sufficient to defeat the Motions to Dismiss, and the Court need not address the remaining arguments.

## III.    CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that the Motions to Dismiss Indictment [Doc. Nos. 40, 42] are **DENIED**.

MONROE, LOUISIANA, this 25th day of June 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE